I. F. SCROGGINS v. THE STATE.

No. 9349.    Delivered April 8, 1925.

Rehearing denied May 20, 1925.

Swindling—Evidence—Held Sufficient.

    Where there are no bills of exceptions in the record, and the facts sustain the conviction, the cause must be affirmed.

Appeal from the District Court of Robertson County. Tried below before the Hon. W. C. Davis, Judge.

Appeal from a conviction for swindling; penalty, two years in the penitentiary.

The opinion states the case.

No brief filed for the State or the appellant.

MORROW, PRESIDING JUDGE.—The offense is swindling; punishment fixed at confinement in the penitentiary for a period of two years.

The indictment contains two counts, one charging that the property was obtained by false pretenses; the other charging that the property was fraudulently obtained by giving a check upon a bank without sufficient funds therein and without a good reason to believe that the check would be paid. The check was for sixty dollars; the property acquired was an automobile.

Appellant introduced no testimony save his declaration made at the time of the transaction that he had funds in the bank with which to pay the sixty dollars, though he did not have the funds to pay the check for eighty-one dollars which was given at the same time.

The appellant's wife testified that the appellant had received through the mail no notice of the condition of his bank account.

There was evidence, however, that he had knowledge that his account was depleted.

There is no lack of evidence to support the verdict. The indictment appears regular. There are no bills of exception criticizing either the charge of the court or its rulings upon the matters arising upon the trial.

We have not been favored with a brief either by the appellant or the State. Having perceived no legal reason for a reversal, the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In the motion for rehearing prepared by counsel who did not represent the appellant at the trial but was employed later, it is requested that time be granted sufficient to familiarize himself with the record so as to enable him to properly present the appellant's views.

The original opinion was delivered on April 8, 1925. The motion, without amendments, was submitted on May 13th. We assume that sufficient time has now elapsed, and that it is not desired to amend the motion.

Our re-examination of the record leaves us of the opinion that the proper disposition was made upon the original hearing.

The motion is overruled.

*Overruled.*